1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KYRON SHAKIR,                                No.  2:24-cv-0741 DAD CKD P

12                     Plaintiff,

13         v.                                     ORDER

14   N. ALBONICO, et al.,

15                     Defendants.

16

17         Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. §

18   1983.  This proceeding was referred to this court by Local Rule 302.  Plaintiff has paid the filing

19   fee.

20         The court is required to screen complaints brought by prisoners seeking relief against a

21   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

22   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

23   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

24   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

25         The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon

26   which relief can be granted under federal law.  Plaintiff's complaint must be dismissed.  The

27   court will, however, grant leave to file an amended complaint.

28   /////

                                                1

Plaintiff complains that he was retaliated against by prison staff because of complaints made by plaintiff's family.  Prison officials generally cannot retaliate against inmates for exercising First Amendment rights.  Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985).  Because a prisoner's First Amendment rights are necessarily curtailed, however, a successful retaliation claim requires a finding that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals."  Id. at 532.  The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains.  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).  To state a claim for retaliation, plaintiff must point to facts indicating a causal connection between the adverse action and the protected conduct.  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012).

Here, plaintiff has not adequately alleged a causal connection between protected conduct and adverse action.  Plaintiff simply claims that his family complained about things he had told them he experienced at the prison, then he was wrongfully subjected to prisoner disciplinary proceedings.  Plaintiff's conclusion that the two are connected is nothing more than speculation.

Plaintiff also complains about spending 3.5 months in administrative segregation as a result of wrongful prisoner disciplinary proceedings.  In order to state a cognizable claim for violation of due process during hearings which determine where an inmate is housed, plaintiff must allege facts which suggest that he was deprived of a protected liberty interest.  Such liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, [citations omitted], nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Connor, 515 U.S. 472, 484 (1995).  Plaintiff has not alleged that he has suffered atypical and significant hardship during 3.5 months in administrative segregation.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, in his amended complaint, plaintiff must allege in

1  specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C.

2  § 1983 unless there is some affirmative link or connection between a defendant's actions and the

3  claimed deprivation.  <u>Rizzo v. Goode,</u> 423 U.S. 362 (1976).  Furthermore, vague and conclusory

4  allegations of official participation in civil rights violations are not sufficient.  <u>Ivey v. Board of</u>

5  <u>Regents,</u> 673 F.2d 266, 268 (9th Cir. 1982).

6         Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to

7  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

8  complaint be complete in itself without reference to any prior pleading.  This is because, as a

9  general rule, an amended complaint supersedes the original complaint.  <u>See Loux v. Rhay</u>, 375

10 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

11 longer serves any function in the case.  Therefore, in an amended complaint, as in an original

12 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

13        In accordance with the above, IT IS HEREBY ORDERED that:

14        1.  Plaintiff's complaint is dismissed.

15        2.  Plaintiff is granted thirty days to file an amended complaint that complies with the

16 requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of

17 Practice.  The amended complaint must bear the docket number assigned this case and must be

18 labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this

19 order will result in a recommendation that this action be dismissed.

20 Dated:  September 12, 2024

21                                    _____
                                     CAROLYN K. DELANEY
22                                    UNITED STATES MAGISTRATE JUDGE

23

24

25  1
    shak0741.14
26

27

28

                                        3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28