1
2
3
4
5
6
7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KYRON SHAKIR,                            No.  2:24-cv-0741 DAD CKD P

12              Plaintiff,

13         v.                                 ORDER

14   N. ALBONICO, et al.,

15              Defendants.

16

17         Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983.

18   Plaintiff requests an extension of time to file an amended complaint.  Good cause appearing, that

19   request will be granted.

20         Plaintiff also asks that the court appoint counsel.  District courts lack authority to require

21   counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist.

22   Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney

23   to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d

24   1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

25   When determining whether "exceptional circumstances" exist, the court must consider plaintiff's

26   likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro

27   se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970

28   (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The

                                              1

1  burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances

2  common to most prisoners, such as lack of legal education and limited law library access, do not

3  establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

4          Having considered the factors under Palmer, the court finds that plaintiff has failed to

5  meet his burden of demonstrating exceptional circumstances warranting the appointment of

6  counsel at this time.

7          Accordingly, IT IS HEREBY ORDERED that:

8          1.  Plaintiff's motion for the appointment of counsel (ECF No. 9) is denied;

9          2.   The court's October 25, 2024, findings and recommendations are vacated;

10          3.  Plaintiff's motion for an extension of time (ECF No. 9) is granted; and

11          4.  Plaintiff is granted thirty days from the date of this order in which to file an amended

12  complaint.  Plaintiff's failure to file an amended complaint within 30 days will result in a

13  recommendation that this action be dismissed under Federal Rule of Civil Procedure 41(b).

14  Dated:  October 30, 2024

15                                                          _____
                                                            CAROLYN K. DELANEY
16                                                          UNITED STATES MAGISTRATE JUDGE

17

18

19  1/hh
    shak0741.36+31.new
20

21

22

23

24

25

26

27

28